IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WILLIAM D. MAY,**

                  **Petitioner,**

        v.                                  CASE NO. 17-3095-SAC

**WARDEN JAMES HEIMGARTNER[1],**

                  **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and the Court grants leave to proceed in forma pauperis.

### Screening Standards

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 requires the federal court to promptly examine a habeas petition and to dismiss the action where it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court has examined the petition and enters the following order.

### Motion to appoint counsel

Petitioner also moves for the appointment of counsel. An applicant for habeas corpus relief has no constitutional right to the appointment of counsel. *See Swazo v. Wyo. Dept. of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994)("[T]here is no constitutional

---

[1] The Court substitutes the Warden of the El Dorado Correctional Facility as the respondent in this action. *See* Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254 ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.")

right to counsel beyond the appeal of a criminal conviction, and … generally appointment of counsel in a § 2254 proceeding is left to the court's discretion."). Rather, the court may appoint counsel when "the interests of justice so require" for a petitioner who is financially eligible. *See* 18 U.S.C. §3006A (1)(2)(b). The court has studied the petition and concludes that the appointment of counsel is not warranted in this matter at the present stage of the proceedings.

**Background**

The Court adopts the factual and procedural background statements of this matter from two decisions entered by the Kansas Court of Appeals:

> May had been living in the basement of the home of his elderly parents, Margaret and Doyle May, for several months. Late one night, while his parents were beginning to retire to bed, May entered their upstairs bedroom with his guitar and a beer. A verbal altercation began. There is some question as to the reason for it.
>
> Police officers were dispatched to a physical disturbance at the Mays' home because May was allegedly 'beating the hell out of' Doyle. When the officers arrived, Doyle was bleeding from his left ear. Although the cut was not serious, there was excessive blood as a result of Doyle taking a blood thinner medication, Coumadin. One officer testified that Doyle's shirt was ripped and the kitchen was splattered with blood. The Coumadin made it difficult for Doyle to stop bleeding. After the paramedics learned that Doyle was taking that medication, they attempted to take him to the hospital but he refused.
>
> The officers arrested May. After the paramedics left the home, Doyle and Margaret watched television in bed. A few hours later, Doyle seemed to be disoriented and complained of a headache. He went to the restroom and collapsed. Margaret called 911. When paramedics arrived, Doyle was barely conscious. Doyle received several X-rays and CAT scans. He slipped into a coma, which had resulted from a

> subdural hematoma. Physicians explained to the family that Doyle would not likely recover from the coma. The following day, at the family's request, Doyle was removed from life support and died.

*State v. May*, 274 P.3d 46 (Table), 2012 WL 1352827 at *1 (Kan. Ct. App. Apr. 12, 2012), *rev denied* Apr. 8, 2013.

> In December 2009, a jury convicted May of reckless second-degree murder of his father and misdemeanor domestic battery against his mother. The district court sentenced May to 138 months' imprisonment and 80 days in jail, with 36 months' postrelease supervision.
>
> May filed a direct appeal arguing the district court (1) failed to give a voluntary intoxication instruction, (2) failed to give his proposed instruction on favoritism or sympathy, and (3) violated his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2349, 147 L.Ed.2d 435 (2000). [The Kansas Court of Appeals] affirmed May's convictions and sentences. *State v. May*, No. 104,505, 2012 WL 1352827 (Kan.App. 2012)(unpublished opinon), *rev. denied* 297 Kan. 1253 (2013).

*May v. State*, 369 P.3d 340 (Table)(Kan.App. Apr. 8, 2016), *rev denied* Apr. 19, 2017.

In April 2014, petitioner sought post-conviction relief under K.S.A. 60-1507, alleging his appellate counsel was ineffective for failing to argue that the death of petitioner's father, Doyle, was accidental. Petitioner identified the following evidence that his points that his counsel failed to address: (1) paramedics who treated Doyle found only a small scratch on his ear and Doyle refused to go to the hospital; (2) Doyle was using a blood thinning medication; (3) Doyle suffered a new injury when he collapsed; and (4) family members made the decision to remove Doyle from life support.

The district court denied the motion, finding that petitioner

has not presented any triable issue. Petitioner filed an appeal from that ruling, but he did not specifically challenge the ruling or identify any error. Instead, he alleged ineffective assistance by his post-conviction counsel. Accordingly, the Kansas Court of Appeals ruled that petitioner had waived the original claims in his action under K.S.A. 60-1507. It also held that because petitioner had not raised the issue of ineffective assistance of his 60-1507 counsel in the state district court, it was not preserved for appeal. *May v. State*, 2016 WL 1391776 at *3.

## Analysis

An applicant for federal habeas corpus relief ordinarily must exhaust available state court remedies before filing a petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(b)(1)(A). Generally, a petitioner satisfies the exhaustion requirement by presenting all of the habeas claims to the state's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Where a petitioner has failed to present habeas claims to the state courts and no available state remedy remains, the claim may be subject to dismissal for procedural default. To overcome a procedural default, a petitioner must show both "cause" for the failure to comply with the state procedural requirement and "prejudice" arising from the state court's refusal to consider the merits or a fundamental miscarriage of justice based upon proof of actual innocence. *Frost v. Pryor*, 749 F.3d 1212, 1231-32 (10th Cir. 2014).

The petition identifies the following grounds for relief:

(1) Petitioner did not receive effective assistance of counsel in his action under 60-1507;

(2) Petitioner was prejudiced by counsel's failure to seek leave to amend the petition out of time;

(3) The Kansas Court of Appeals erred in affirming the denial of petitioner's motion under 60-1507 without conducting an evidentiary hearing;

(4) Petitioner did not receive effective assistance of counsel during plea negotiations;

(5) Petitioner's trial counsel erred in denying him the right to testify;

(6) Petitioner's counsel in his 60-1507 motion failed to amend the petition to present additional claims;

(7) The appellate brief did not include the facts concerning the victim's use of the medication Coumadin and its effect on the victim's injury; and

(8) Petitioner's appellate counsel was ineffective in failing to argue that paramedics saw only slight injury to the victim on their first visit to the victim's home, that petitioner was in jail when the victim collapsed hours later, and that the same paramedics found new injuries to the victim when they returned to the house for a second time.

Based upon the record, the Court finds that the claims presented in petitioner's direct appeal were exhausted. Those claims, however, concerning jury instructions and *Apprendi*, are not presented in this habeas corpus petition.

Instead, petitioner presents claims which have been procedurally defaulted or fail to state a cognizable claim for habeas corpus relief. First, petitioner's claims alleging ineffective assistance by his post-conviction counsel are barred by statute. *See* 28 U.S.C. §2254 (i)("The ineffectiveness or incompetence of counsel during Federal

or State post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

Next, petitioner's claims presented in his post-conviction action are not properly exhausted. As noted, he abandoned the claims in his initial petition under K.S.A. 60-1507 by failing to present them on appeal in that action, and he presented new claims on appeal which were not properly before the Kansas Court of Appeals. These claims are subject to dismissal as procedurally defaulted unless petitioner can demonstrate cause and prejudice for the default.

Finally, while the petition does not include the claims petitioner presented in his direct appeal, which were properly exhausted and could be considered in a habeas corpus action, he may amend the petition to present the properly exhausted claims.

Accordingly, the Court will direct petitioner (1) to show cause why the petition should not be dismissed due to the failure to properly exhaust the claims presented and (2) to show cause and prejudice to excuse the procedural default of those claims. Petitioner may file an amended petition to present exhausted claims, but he must do so within the time allowed to show cause.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motions to proceed in forma pauperis (Docs. #2 and #5) are granted.

IT IS FURTHER ORDERED petitioner's motion to appoint counsel (Doc. #3) is denied.

IT IS FURTHER ORDERED petitioner is granted to and including July 17, 2017, to show cause as directed and to submit an amended petition,

if he chooses to do so. The failure to file a timely response may result in the dismissal of this action without additional prior notice.

**IT IS SO ORDERED.**

DATED: This 16th day of June, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge