IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WILLIAM D. MAY,**

                **Petitioner,**

      **v.**                                          **CASE NO. 17-3095-SAC**

**WARDEN JAMES HEIMGARTNER,**

                **Respondent.**

**MEMORANDUM AND ORDER**

By a Memorandum and Order entered on June 16, 2017, the Court notified petitioner that the claims presented in his petition have been procedurally defaulted or fail to state a cognizable claim for habeas corpus relief and granted him thirty days to file an amended petition containing the claims exhausted in the state courts, if he chose to do so.

Although petitioner did not file an amended petition, he filed a motion to stay (Doc. #8). Briefly summarized, the motion alleges that petitioner has available remedies in the state courts and asserts the Court should stay this matter to allow him to pursue those remedies.

In habeas corpus, a motion to stay should be granted where the petitioner shows good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no suggestion that the petitioner has intentionally delayed pursuing the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

The Court declines to stay this matter. The April 2016 decision of the Kansas Court of Appeals denying relief in petitioner's action under K.S.A. 60-1507 advised him that he could, under appropriate

circumstances, proceed in a subsequent motion under K.S.A. 60-1507 on his claims of ineffective assistance by post-conviction counsel. *See May v. State*[1], 369 P.3d 340, 2016 WL 1391776 (Kan. App. Apr. 8, 2016), *rev. denied*, Apr. 19, 2017. However, it does not appear petitioner has made the necessary showing or sought permission to proceed in a subsequent motion under K.S.A. 60-1507. And, as the Court has explained, a claim of ineffective assistance by post-conviction counsel is barred in federal habeas corpus by statute. 28 U.S.C. § 2254(i). Therefore, while petitioner may be able, eventually, to present his claim of ineffective assistance to the state courts, that claim does not present a ground for federal habeas corpus relief. Accordingly, the Court finds petitioner cannot show good cause for the stay he seeks and will deny the motion.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for stay (Doc. #8) is denied.

IT IS FURTHER ORDERED petitioner is granted to and including November 27, 2017, to show cause why this matter should not be dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: This 27th day of October, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[1] The Kansas Court of Appeals rejected his claim alleging the ineffective assistance of post-conviction counsel, stating: "May faces what we determine to be an insurmountable procedural hurdle. The issue of ineffective assistance of 60-1507 counsel has never been raised in the district court and, generally, we do not consider an allegation of ineffective assistance of counsel raised for the first time on appeal. […] May is not left without recourse by our rejection of his appeal. If independent inquiry and investigation disclose a viable indication of ineffective assistance of trial counsel and the requisite supporting extraordinary circumstances and/or manifest injustice, he could, under proper circumstances, proceed with a subsequent K.S.A. 60-1507 motion." *Id*. at **3-4.