**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**WILLIAM D. MAY,**

                **Petitioner,**

        v.                                      **CASE NO. 17-3095-SAC**

**WARDEN JAMES HEIMGARTNER,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. On October 27, 2017, the Court entered a Memorandum and Order explaining that the claims petitioner presented in his application for habeas corpus had not been exhausted in the state courts. The Court directed petitioner to show cause why the matter should not be dismissed but also noted that petitioner could file an amended petition that presented the claims exhausted on his direct appeal.

Petitioner filed a response, a motion to appoint counsel, a motion for evidentiary hearing, two supplements to the response, and a request for certified mail delivery.

Petitioner's response (Doc. #10) argues that the unexhausted claims are the strongest, that his post-conviction counsel failed to present them, and that he has not intentionally delayed presenting them. Petitioner also states that he would like to pursue a second state post-conviction action, and he requests the appointment of counsel.

The Court has considered these arguments and finds first, that whether petitioner may proceed in a second or successive state post-conviction action must be determined by the Kansas state courts.

Likewise, whether he is appointed counsel in such a proceeding must be decided by the presiding judge in that action.

Next, petitioner has not shown grounds to excuse his procedural default of the claims presented in his post-conviction action. To the extent he argues that the ineffective assistance of his appellate counsel is cause for the procedural default of his claims, petitioner failed to properly exhaust that claim in the state courts.[1] *See Edwards v. Carpenter*, 529 U.S. 446, 451-52, (2000) (recognizing that ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim and must have been properly and fully presented to the state courts "before it may be used to establish cause for a procedural default") (internal quotations marks and citation omitted).

Petitioner's claims that he received ineffective assistance from his appellate and post-conviction counsel are barred by procedural default. Petitioner has not established adequate cause and prejudice for the default by showing that something external to him "impeded [his] efforts to comply with the State procedural rule." *Maples v. Thomas*, 565 U.S. 266, 280 (2012). While petitioner argues that his post-conviction appellate counsel failed to adequately review the record, "[n]egligence on the part of a prisoner's

---

[1] In his state post-conviction action filed in April 2014, petitioner alleged his appellate counsel was ineffective in failing to argue that the evidence showed the victim's death was accidental. The district court denied relief, and petitioner appealed. However, on appeal, petitioner argued that his post-conviction counsel provided ineffective assistance and did not specifically challenge the ruling by the district court concerning his appellate counsel. The Kansas Court of Appeals held that petitioner had waived the claim concerning his appellate counsel that was presented in his post-conviction action and that because he had failed to present the claim concerning his post-conviction counsel to the district court, it would not consider a claim raised for the first time on appeal. *May v. State*, 2016 WL 1391776 at **3-4 (Kan. App. Apr. 8, 2016), *rev. denied*, Apr. 19, 2017.

postconviction attorney does not qualify as 'cause'". *Id*., citing *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)).

Nor does the record show that a fundamental miscarriage of justice will occur if petitioner's procedural default is not excused. That showing requires "a convincing showing of actual innocence" to overcome a procedural bar, and this showing is limited to "cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013) (brackets in original)(quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Accordingly, the Court finds petitioner's claims presented in his post-conviction action are barred. The Court will deny petitioner's renewed motion to appoint counsel (Doc. #11) and his motion for an evidentiary hearing (Doc. #12). The Court will grant petitioner an additional opportunity to amend his petition to present the claims that were properly exhausted on his direct appeal. If he chooses not to do so within the time allowed, the Court will dismiss this petition.

Finally, the Court denies petitioner's request for certified mail delivery (Doc. #15). The Court takes notice that petitioner has been transferred to a different correctional institution since he sought that delivery.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to appoint counsel (Doc. #11) and motion for evidentiary hearing (Doc. #12) are denied.

IT IS FURTHER ORDERED petitioner is granted to and including **September 24, 2018,** to amend the petition to present claims that were properly exhausted in the state court.

**IT IS SO ORDERED.**

DATED:  This 24th day of August, 2018, at Topeka, Kansas.

                                        S/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge