# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**WILLIAM D. MAY,**

        **Petitioner,**

  v.            CASE NO. 17-3095-SAC

**WARDEN JAMES HEIMGARTNER,**

         **Respondent.**

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's amended petition for habeas corpus filed under 28 U.S.C. § 2254. Also before the Court are petitioner's motion for resentence (Doc. 18), motion for illegal sentence (Doc. 19), and motion for extension of time to file amended petition (Doc. 20).

### Procedural and Factual Background

Petitioner was convicted of reckless second-degree murder in the death of his father and misdemeanor domestic battery against his mother. The Kansas Court of Appeals (KCOA) summarized the facts as follows:

> May had been living in the basement of the home of his elderly parents, Margaret and Doyle May, for several months. Late one night, while his parents were beginning to retire to bed, May entered their upstairs bedroom with his guitar and a beer. A verbal altercation began. There is some question as to the reason for it.
>
> Police officers were dispatched to a physical disturbance at the May's home because May was allegedly "beating the hell out of" Doyle. When the officers arrived, Doyle was bleeding from his left ear. Although the cut was not serious, there was excessive blood as a result of Doyle taking a blood thinner medication, Coumadin. One officer testified that Doyle's shirt was ripped and the kitchen was

> splattered with blood. The Coumadin made it difficult for Doyle to stop bleeding. After the paramedics learned that Doyle was taking the medication, they attempted to take him to the hospital but he refused.
>
> The officers arrested May. After the paramedics left the home, Doyle and Margaret watched television in bed. A few hours later, Doyle seemed to be disoriented and complained of a headache. He went to the restroom, and collapsed. Margaret called 911. When paramedics arrived, Doyle was barely conscious. Doyle received several X-rays and CAT scans. He slipped into a coma, which had resulted from a subdural hematoma. Physicians explained to the family that Doyle would not likely recover from the coma. The following day, at the family's request, Doyle was removed from life support and died.

*State v. May*, 274 P.3d 46 (Table), 2012 WL 1352827, *1 (Kan. Ct. App. Apr. 12, 2012), *rev. denied*, Apr. 8, 2013.

On direct appeal, petitioner challenged the failure of the trial court to instruct the jury on voluntary intoxication or to give a proposed instruction on favoritism or sympathy. He also alleged the trial court violated his rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *State v. May*, *id*.

In April 2014, petitioner filed a state post-conviction action under K.S.A. 60-1507. He argued his appellate counsel was ineffective for failing to argue that his father's death was accidental, citing the failure to argue that responding paramedics found only a small scratch on his father and that his father declined to go to the hospital, that his father was taking a blood-thinning medication, that his father subsequently suffered a new injury, and that the family chose to terminate life support measures. The state sought summary dismissal of the motion. The district court appointed counsel and granted a continuance.

At a hearing held in December 2014, counsel advised the district court that petitioner had advised him of complaints against his trial

counsel. The State argued that petitioner had failed to timely raise those claims and that there was no manifest injustice shown to excuse that failure. The district court agreed. It found that petitioner had failed to timely present claims against trial counsel and that the claims against his appellate counsel did not present a triable issue.

On appeal from that decision, the Kansas Court of Appeals (KCOA) found that petitioner had failed to challenge the dismissal of his claims concerning his prior appellate counsel and held that he had "waived and abandoned the very claims upon which his original K.S.A. 60-1507 motion was premised." *May v. State*, 369 P.3d 340 (Table), 2016 WL 1391776, *3 (Kan. Ct. App. Apr. 8, 2016), *rev. denied*, Apr. 19, 2017. The KCOA also found that petitioner's new claims alleging ineffective assistance by his trial counsel were untimely and, because they were not presented in the district court, they were not preserved for appeal. *Id*. at **3-4.

Petitioner commenced this action in June 2017. On June 16, 2017, the Court entered a Memorandum and Order finding that the eight claims he presented had been procedurally defaulted or failed to state a cognizable claim for relief. The Court noted that although petitioner had properly exhausted the claims in his direct appeal, he did not include them as grounds for relief in the petition. Accordingly, the Court directed petitioner to show cause why the petition should not be dismissed and to show cause and prejudice to excuse his procedural default. The Court also advised petitioner that he could file an amended petition within the time allowed to show cause.

Petitioner did not file an amended petition within the time given; instead, he filed a motion to stay. In October 2017, the Court denied that motion, noting that although the KCOA had advised in an

order issued in April 2016 that petitioner could, in appropriate circumstances, proceed in a subsequent post-conviction motion to assert his claims of ineffective assistance by post-conviction counsel, there was no evidence that he had made the necessary showing or sought permission to proceed since that time. The Court extended the time to show cause why the matter should not be dismissed.

Petitioner filed a response, a motion to appoint counsel, a motion for evidentiary hearing, two supplements to the response, and a request for certified mail delivery. On August 24, 2018, the Court denied the motions to appoint counsel and to hold a hearing and granted petitioner to and including September 24, 2018, to amend the petition. The Court specified that this was granted to allow petitioner "to present claims that were properly exhausted on his direct appeal." Petitioner was warned that if he chose not to do so, the Court would dismiss the petition.

Petitioner then filed a motion to resentence, motion for illegal sentence, and motion for extension of time (Docs. 18-20). On September 20, 2018, he filed an amended petition for habeas corpus (Doc. 21). The Court grants the motion to file an amended petition and has reviewed that pleading.

The amended petition presents nine grounds for relief:

1. Post-conviction counsel was ineffective in failing to respond with arguments and authorities;
2. Petitioner was prejudiced by counsel's failure to seek leave to amend the petition out of time;
3. The Kansas Court of Appeals erred in affirming the denial of petitioner's post-conviction motion without an evidentiary hearing;
4. Plea counsel provided ineffective assistance during plea negotiations;
5. Trial counsel erred in denying petitioner the right to testify;
6. Post-conviction counsel failed to amend the motion to

present additional claims;
7. The appellate brief did not include facts explaining the victim was using a blood-thinning medication at the time of his death and the effect of the medication on his injury;
8. Appellate counsel failed to argue that paramedics saw only slight injuries on the victim on their first visit to the victim's home; and
9. "Jury instruction and *Apprendi* in petitioner's direct appeal".

Doc. 21, p. 13.

**Discussion**

Because petitioner has submitted a petition with both exhausted and unexhausted claims, he presents a "mixed" petition. *See Pliler v. Ford*, 542 U.S. 225, 227 (2004). Where a court is presented with a mixed petition, it has few options. It may:

> (1) Dismiss the mixed petition in its entirety ….; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims….; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims….; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit.

*Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009)(citations omitted).

In this case, the Court declines to stay this matter, as the stay and abeyance only allows a petitioner to proceed if he demonstrates good cause for the failure to exhaust and that the unexhausted claims are not plainly without merit. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Petitioner has not made this showing.

The Court also has given petitioner multiple opportunities to dismiss his unexhausted claims and proceed on the properly exhausted claims he presented on direct appeal. He has not followed that course,

and the Court finds no reason to provide him with yet another opportunity to dismiss the unexhausted claims. Instead, he now presents a mixed petition with nine claims. The sole exhausted claims appear as the final claim in the petition, and that ground states only "jury instruction and *Apprendi*, in petitioner's direct appeal…." Doc. 21, at p. 13.

Third, because the Court cannot definitively state that all of the unexhausted claims are without merit, it cannot ignore the exhaustion requirement and dismiss the petition on the merits. The unexhausted claims primarily allege ineffective assistance at different stages in the state court proceedings. These claims have not been developed in the state courts, and it is simply unclear whether petitioner might have prevailed in any of them had he properly presented them in the state courts.

The Court therefore concludes that the proper course is to dismiss this matter in its entirety as a mixed petition.

**Pending motions**

Petitioner has filed a motion for resentence (Doc. 18) and a motion for illegal sentence (Doc. 19). In the motion for resentence, he argues that he was offered a plea that would have placed him in a lower sentencing range, and he argues that the victim's death was caused by blood-thinning medication. In the motion for illegal sentence, petitioner argues that the trial court erred when it denied his motion for a dismissal of the murder charge at the close of the prosecution's case.

The Court finds no grounds for relief are stated. Petitioner does not show that he has exhausted these claims in the state courts, and he does not suggest any ground to excuse that procedural default.

**Conclusion**

For the reasons set forth, the Court dismisses this matter as a mixed petition.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed.

IT IS FURTHER ORDERED petitioner's motion for resentence (Doc. 18) and motion for illegal sentence (Doc. 19) are denied.

IT IS FURTHER ORDERED petitioner's motion for extension of time to file amended petition (Doc. 20) is granted.

IT IS FURTHER ORDERED no certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED: This 5th day of September, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge